IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LARRY PITT & ASSOCIATES,** : <br> Plaintiff, : <br> v. : <br> : <br> **LUNDY LAW, LLP,** *et al.* : <br> Defendants. : <br> : | **CIVIL ACTION NO. 13-2398** |

# ORDER

**AND NOW**, this 7th day of November 2018, upon consideration of the Report and Recommendation of Special Discovery Master David A. Sonenshein, to which no objection has been filed, it is hereby **ORDERED** that:

1. The Report and Recommendation is **APPROVED AND ADOPTED**;

2. Movants Baker & Hostetler LLP and Carl W. Hittinger's Motion to Unseal [Doc. No. 199] is **GRANTED**;

3. Parties are ordered to **FILE** on the docket **UNSEALED** versions of Doc. Nos. 144, 174, 175, 176, 181, and 183 by **November 21, 2018**, subject to the redactions agreed to by the parties previously.

It is so **ORDERED**.

BY THE COURT:

/s/ Cynthia M. Rufe
_____
**CYNTHIA M. RUFE, J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LARRY PITT & ASSOCIATES, *Plaintiff,* | : : : | CIVIL ACTION |
| v. | : : | |
| LUNDY LAW, LLP, et al., *Defendants.* | : : : | NO. 13-2398-CMR |

REPORT AND RECOMMENDATIONS OF SPECIAL DISCOVERY MASTER
REGARDING NONPARTY MOVANTS' MOTION TO
UNSEAL CERTAIN REMAINING DISPUTED DOCUMENTS

## I. INTRODUCTION AND PROCEDURAL HISTORY[1]

Nonparty Movants Baker & Hostetler LLP ("Baker Hostetler") and Carl W. Hittinger, Esquire ("Hittinger")[2] (collectively, "Movants") formerly represented Plaintiff Larry Pitt & Associates in this action. On October 8, 2015, Baker Hostetler filed a Motion to Withdraw as Counsel, and on March 1, 2016, after Mitts Law, LLC entered a Notice of Appearance on behalf of Plaintiff, Baker Hostetler filed a Notice of Withdrawal of Appearance. This action proceeded through fact and expert discovery that ended in January 2017 and summary judgment. On July 12, 2017, Larry Pitt & Associates initiated a legal malpractice action against Movants and DLA Piper LLP captioned *Larry Pitt & Assocs., P.C. v. DLA Piper, et al.*, No. 170700992 (Court of Common Pleas of Philadelphia County).

Prior to the commencement of discovery, the parties entered into an agreement which permitted either party, at its discretion to designate documents as either "confidential" or highly

---

[1] In light of the fact that prior proceedings and governing Third Circuit law have not been disputed, in an effort to save time and the parties' money, I have essentially adopted the "Introduction and Procedural History" found in the Movants' brief and pretty much adopted the section of the Movants' brief which sets out Third Circuit law which I find to be a correct account of the governing legal principles.

[2] Hittinger was associated with DLA Piper LLP until mid-August of 2014. Plaintiff initiated this action through his counsel Hittinger and DLA Piper LLP on May 2, 2013. On or about August 13, 2014, Hittinger became a partner at Baker Hostetler. Hittinger and Baker Hostetler continued to represent Plaintiff in this action until they filed a Notice of Withdrawal of Appearance on March 1, 2016.

"confidential." The latter designation confined disclosure to opposing counsel only. The Court endorsed this broad and general agreement to facilitate the exchange of documents but was never called upon to rule on whether any of the particular documents designated as "confidential" or "highly confidential" were in fact worthy of protection from disclosure due to privilege or any other doctrine. Rule 5.1.5 of the Local Rules for the Eastern District of Pennsylvania provides that documents filed under seal shall remain under seal unless the court orders otherwise.

On April 25, 2018, Movants filed a Renewed Motion to Unseal documents in this underlying litigation. Defendants Lundy Law, LLP and L. Leonard Lundy (collectively, "Lundy Law") responded to the Motion expressing a concern about unsealing its confidential information, including business strategies, financial information, and embarrassing information. Movants filed a Reply Brief advising the Court that they were amenable to a process whereby counsel would review the sealed documents in camera first in an effort to address the confidentiality contentions of Lundy Law. However, by agreeing to this approach, Movants did not waive their argument that the material should be unsealed in its Entirety. On May 25, 2018, Larry Pitt and Associates filed a Statement of Non-Opposition to the Motion to Unseal, stating, "From the perspective of Larry Pitt & Associates, there is nothing within the sealed documents that warrants further protection from disclosure."

On July 9, 2018, the Court entered an Order providing, in part, for "Movants and their counsel to review Document Nos. 57, 144, 169, 169.1, 174, 175, 176, 181, and 183 . . . in camera," and for "any remaining dispute [regarding unsealing] [to] be submitted to the Special Master for resolution and recommendation of an appropriate Order." On August 8, 2018, Movants reviewed the sealed Motion Documents in camera at the offices of Dechert LLP, counsel for Lundy Law. Counsel for Movants and Lundy Law have conferred on several occasions in an effort to reach an agreement. They reached agreement on Document and Exhibit Nos. 57, 169, and 169.1. On August 22, 2018, Movants wrote to Judge Rufe regarding the status of the remaining disputes and asking for these Matters to be referred to the Special Master.

## II. REMAINING DISPUTES REGARDING UNSEALING

A dispute remains between Movants and Lundy Law as to the unsealing or redaction of the following pleadings and related exhibits thereto:

- Doc. No. 144: Plaintiff's Motion for Leave to File Third Amended Complaint and sealed attachments.

- Doc. No. 174: Plaintiff's Response in Opposition to Motion for Summary Judgment and sealed attachments.

- Doc. No. 175: Sealed attachments to Defendants' Reply Brief in Support of Defendants' Motion for Summary Judgment. Defendants' Reply Brief has been unsealed with one redaction. A dispute remains as to the exhibits attached to the brief.

- Doc. No. 176: Plaintiff's Sur-reply in Opposition to Defendants' Motion for Summary Judgment.

- Doc. No. 181: Plaintiff's Motion for Leave to File a Three-Page Reply to Defendants' Response to Plaintiff's Sur-reply.

- Doc. No. 183: Plaintiff's Reply to Defendants' Response to Sur-reply.

Lundy Law seeks to maintain certain categories of information under seal and/or redacted from the aforementioned briefs and exhibits. In an effort to accommodate Lundy Law's concerns regarding alleged confidential and proprietary information, Movants agreed to the redacting of certain information, including: (a) names and personal information of Lundy Law's clients (i.e., names, email addresses, medical information); (b) financial documents of individuals such as L. Leonard Lundy's K-1 and W-2s; and (3) Lundy Law's draft advertisements. In addition, Movants have proposed compromises as to information contained in two categories of information that Lundy Law seeks to keep sealed, set forth below. However, it is Movants' position that the remaining information is no longer confidential or proprietary (if it ever was) and should be unsealed and placed on the public record. Lundy Law objects to unsealing the following categories of information contained within the above-listed documents and attached

exhibits on grounds of confidentiality, proprietary business strategy and potential embarrassment.[3]

## 1. The phrases "deceived clients" and "false disability advertisements"

Lundy Law seeks to redact the phrases "deceived clients" and "false disability advertisements" from Plaintiff Larry Pitt & Associates' briefs. These phrases are found in Doc. Nos. 174, 176, 181, and 183.

## 2. Amounts spent on advertising

Lundy Law objects to unsealing any and all amounts it spent on advertising. Movants proposed that individual amounts spent on advertising may remain sealed, but that the total amount Lundy Law spent on advertising per year, and the total amount Lundy Law spent per advertising category (i.e., bus, television) per year, be unsealed. Lundy Law has rejected this Proposal.

## 3. Referral fees received

Lundy Law objects to unsealing any and all amounts of referral fees Lundy Law received for the time period 2015 and earlier. Movants proposed that the breakdown of referral fees could be redacted, but that the total amount that Lundy Law received in referral fees per year, per referral source, be unsealed. Lundy Law rejected this proposal.

## 4. Information from agreements with referral firms

Lundy Law seeks to redact from agreements from 2008, 2011 and 2013 between Lundy Law and other firms (i.e., Pond Lehocky, Crumley Roberts, and Fleschner, Stark, Tanoos & Newlin) the specific amount that the firm agreed to spend on advertising per month for the benefit of Lundy Law and the fee split agreed upon per referrals (i.e., "80/20"). Movants do not agree to redact these amounts from these documents. In addition, as there was not a written agreement between Lundy Law and Lenard Cohen, Lundy Law seeks to seal any correspondence or documents

---

[3] It should be noted that while Movants and their counsel have reviewed the sealed documents, they do not have copies of these voluminous documents and therefore rely on memory and general notes taken during review. In addition, although these general categories have been discussed, counsel are not aware of all of the exact documents or portions thereof that Lundy Law seeks to redact.

from in or about 2009 that would evidence the agreement as to these amounts between them. The referral relationship between Lenard Cohen and Lundy Law has already been disclosed in the Court's published Opinion.

### 5. Emails with Sara Lundy

Lundy Law objects to the unsealing of emails between L. Leonard Lundy and his daughter, Sara Lundy, and any reference thereto in briefs. Sara Lundy is an account executive at Titan, which is the exclusive advertising company for the Southeastern Pennsylvania Transportation Authority ("SEPTA"). Lundy Law purchased advertising space through Titan, including but not limited to advertising on SEPTA buses. The Court's published February 15, 2018 Opinion on Lundy Law's Motion for Summary Judgment already publicly addresses some of the information Sara Lundy provided to Lundy Law through her role at Titan. See 294 F. Supp. 3d at 344 (summarizing information Sara Lundy provided to Lundy Law, and noting "while nepotistic interactions between Leonard and Sara Lundy may be concerning for Titan and SEPTA . . . ")

### 6. Expert Reports

Finally, Lundy Law seeks to seal expert reports or portions thereof dated January and February 2017, to the extent that such portions of the reports contain information or exhibits in the five above-listed categories.

## III. LEGAL PRINCIPLES AND SPECIAL MASTER'S RECOMMENDATIONS

The Third Circuit, has long recognized a common law right to public access, and a presumption of public access, to all judicial records, proceedings, opinions and orders and related pleadings and exhibits. *Republic of the Philippines v. Westinghouse Electric Corp.*, 949 F.2d 653, 659 (3d Cir. 1991); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 780-81 (3d Cir. 1994) (quoting *Littlejohn v. Bic Corp.*, 851 F.2d 673, 677-78 (3d Cir. 1988)). In particular, "there is a presumptive right to public access to all material filed in connection with nondiscovery pretrial motions, whether these motions are case dispositive or not." *Leucadia Inc. v. Applied Extrusion Technologies, Inc.*, 998 F.2d 157, 165 (3d Cir. 1993); see also *Republic of the Philippines*, 949

F.2d at 661. In addition, "[t]he right of access applies to documents and evidentiary materials submitted in support of summary judgment . . . because the need for public scrutiny is at its zenith when the motion is dispositive and is of a comparable level when the motion is denied because the ruling tends to shape the scope and substance of the litigation as the parties proceed to trial." *Mine Safety Appliances Company v. North River Insurance Company*, 73 F. Supp. 3d 544 (W.D. Pa. 2014) (Cercone, J.) (citing *Republic of the Philippines*, 949 F.2d at 660-61; *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (the strong presumption in favor of public access applies with particular force to Judicial records relating to summary judgment because those proceedings adjudicate the substantive rights. *Republic of the Philippines*, 949 F.2d at 660 (quoting Littlejohn, 851 F.2d at 687). Indeed, the Third Circuit has stated, "The Supreme Court has made it plain that all persons seeking to inspect and copy judicial records stand on an equal footing, regardless of their motive for inspecting such records. Thus, the press has no greater right of access than does the general public, and more importantly, an intervenor who is also a litigant in a collateral proceeding enjoys no lesser rights merely because s/he desires to use public documents for his or her own benefit." *Leucadia, Inc. v. Applied Extrusion Technologies, Inc.*, 998 F.2d 157, 167 (3d Cir. 1993) (holding that a shareholder who sued a corporation for securities fraud was entitled to access sealed judicial records filed in a litigation between the defendant corporation and another corporation).

Pleadings and evidence referred to or relied upon by the court in published opinions are also presumptively public. *Leucadia*, Inc., 998 F.2d at 164 n.10 (citing *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 529 F. Supp. 866, 901 (E.D. Pa. 1981) (Becker, J) (right of access applies to sealed documents "on which the court relies in making a ruling and which the court discusses in a published opinion") and *In re "Agent Orange" Prod. Liab. Litig.*, 98 F.R.D. 539, 545 (E.D. N.Y. 1983) ("documents referred to by the court in its opinions become part of the public record and should be open to the public for inspection and copying")).

The party seeking to overcome the presumption of access bears the burden of showing that confidentiality is appropriate. *Republic of the Philippines*, 949 F.2d at 664. To satisfy this high burden, the party claiming secrecy "must show with 'specificity' that the portion of the record it seeks to keep from the public contains the type of information courts protect and that its 'disclosure will work a clearly defined and serious injury to it.'" *Pichler v. UNITE*, 238 F.R.D.

405, 408 (E.D. Pa. 2006) (Dalzell, J.) (citations omitted). Moreover, "continued sealing must be based on 'current evidence to show how public dissemination of the pertinent materials now would cause the [harm claimed].'" Id. at 407 (citation omitted).

In addition, "[t]he purported need for protection is substantially diminished where the passage of time has made such documents stale." *Nestle Foods Corp. v. Aetna Cas. & Sur. Co.*, 129 F.R.D. 483, 485 (D.N.J. 1990) (Wolfson, J.); see also *Procter & Gamble Co. v. Nabisco Brands, Inc.*, 111 F.R.D. 326, 331 (D. Del. 1986) (Longobardi, J.) ("[I]t is hard to imagine how" information two to three years old might "warrant protection from disclosure at this late date."); *United States v. Int'l Bus. Machs. Corp.*, 67 F.R.D. 40, 49 (S.D.N.Y. 1975) (Edelstein, J.) (dated information revealed little if anything about producing party's current operations and would not be of value to a competitor).

Furthermore, mere reliance on the Stipulated Confidentiality Agreement and Protective Order entered on September 8, 2016 in this case (Doc. No. 138) is not sufficient. See Mine Safety Appliances Co., 73 F. Supp. 3d at 557 (citing In re Cendant Corp., 260 F. 3d 183, 192 (3d Cir. 2001)) ("there is an important difference between the showing required to obtain a protective order authorizing confidentiality during the course of discovery and the one needed to maintain documents and information under seal that are part of the judicial record of an adjudication"); Leucadia Inc., 998 F.2d at 165 (district courts must "protect the legitimate public interest in filed materials from overly broad and unjustifiable protective orders agreed to by the parties for their self-interests"). Likewise, "[d]ocuments do not contain trade secrets merely because a party has deemed them to be confidential." Mine Safety Appliances Co., 73 F. Supp. 3d at 560 (citing Littlejohn, 851 F.2d at 685).

Finally, as the Third Circuit has found, a concern about "embarrassment and injury to reputation" or "public image" is "not enough to rebut the presumption of access." *Republic of the Philippines*, 949 F.2d at 663 (citations omitted). Similarly, the Third Circuit has stated:
[B]ecause release of information not intended by the writer to be for public consumption will almost always have some tendency to embarrass, an applicant for a protective order whose chief

dissemination of the information would cause a significant harm to its competitive and financial Position. *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986) (Becker, J.).

RECOMMENDATIONS,

1. With respect to the phrases "deceived clients" and "false disability advertisements" found in Pitt's briefs, Nonmovants have failed to make any showing that such phrases rise to the need for protection from disclosure found in any privilege or other legally cognizable protection. Indeed, in its Summary Judgment Opinion, the Court listed at least 3 advertisements that could be considered false. The mere fact that the Nonmovants find such phrases (and similar ones already widely covered in the public press) offensive does not trump the Third Circuit's repeated holdings favoring public access to court papers like the ones here in issue. Therefore, I recommend that such information be unsealed without redaction.

2. With respect to amounts spent by the Nonmovants on advertising, limited to the annual sum of expenditures from 2015 or earlier and the breakdown of the general category such Expenditures ( television, bus, etc.), the Nonmovants have claimed that this information is somehow proprietary, perhaps akin to, but not actually, a trade secret. As the most recent of this information is nearly three years old and that the Nonmovants have been unable to show any caselaw or demonstrate any facts which suggest a colorable basis for protection from disclosure, I recommend unsealing such information without redaction.

3. With respect to the total amount in dollars Lundy received from referrals and the amount per referral source for the period of 2015 and before, the Nonmovant has been unable to provide any basis to find that such information is either privileged, a trade secret or otherwise proprietary in any way recognized by law. Moreover, these referral fees were discussed in the Court's Summary Judgment Opinion. Therefore, I recommend that that such information be unsealed without redaction.

4. With respect to the specific percentages of referral fees agreed to between the Nonmovants and other firms in 2008, 2011 and 2013, even if such information was at some time

colorably proprietary, the passage of time (now approaching 10 years for the earliest) is clearly stale information which removes any claim of protection. Similarly, the referral amount agreed to orally with one firm, Lenard Cohen, is similarly unprotected. Therefore, I recommend that this information be unsealed without redaction.

5. With respect to the emails with Sara Lundy, there has been no showing of any basis in law for protecting such communications from disclosure which could overcome the well established common law right to access and unseal such information. As referenced above, the Third Circuit has held that the possibility of mere embarrassment will not support protection of court records and exhibits from being accessed. Moreover, this information has already been publicly and appropriately disclosed, in at least a general way, in the Court's Summary Judgment Opinion. Therefore, I recommend that this information be unsealed without redaction.

6. With respect to the Expert Reports, in light of my recommendations regarding Points 1-5, I recommend no redactions from the Expert Reports.

I note that if the above documents were redacted, they would likely be available to the Movants via traditional discovery procedures in the state court of Pennsylvania. Moreover, there is no requirement to show need for the sealed documents in order to claim access to them. I also note, however, that although not required to support a Motion to Unseal, Nonmovants have made a showing that the unsealing of the above-referenced documents would likely be relevant or lead to relevant evidence in their defense of the state court action.

With respect to Local Rule 5.1.5, because all of the exhibits in dispute here are more than two years old (some as old as 10 years), and because the Court never, to this moment, had the opportunity to determine that the individual documents or exhibits are even worthy of legal protection, I recommend that the Court enter an Order to unseal the documents subject to the redactions agreed upon earlier by the parties to this "collateral" dispute and subject to the redactions I have recommended above.

## IV. CONCLUSION

For the foregoing reasons, I recommend to the Court that an Order be entered unsealing all documents and information, except as to redactions earlier agreed upon by the parties through the meet and confer process and proposed by the Movants in the above discussion.

Respectfully submitted,

David A. Sonenshein
Special Discovery Master